UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL PERODEAU** | : | CIV. A. NO. 3:19-cv-1861-SRU |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **U.S. SECURITY ASSOCIATES, INC.** | : | |
| **Defendant.** | : | DECEMBER 19, 2019 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
U.S. SECURITY ASSOCIATES, INC.'S MOTION TO DISMISS COMPLAINT**

Plaintiff Michael Perodeau has brought two claims against Defendant U.S. Security Associates, Inc. ("USSA" or "Defendant"): (1) wrongful termination in violation of important public policy; and (2) retaliation under the Fair Labor Standards Act. USSA moves to dismiss both claims under Fed. R. Civ. P. 12(b)(6). Count One must be dismissed because available statutory remedies preclude Plaintiff's wrongful termination claim. Count Two must be dismissed because Plaintiff does not allege that he engaged in protected activity under the FLSA.

**I.      ALLEGATIONS AND FACTUAL BACKGROUND**

Plaintiff alleges he was wrongfully terminated from his employment with USSA following his internal complaints to USSA about issues related to co-worker workers' compensation claims [Doc. 1-1 ¶¶12-14] and that co-workers were not being paid for all the time that they worked [*id*. ¶15]. As a result of his termination, Plaintiff has brought two claims against USSA: common law wrongful termination in violation of important public policy (Count One); and retaliation in violation of the Fair Labor Standards Act (Count Two).

In his Complaint, Plaintiff alleges that he began his employment with USSA in January 2015 as a security guard. [*Id*. ¶¶4-5.] Plaintiff alleges that he emailed his supervisor, Martin Muzzey, to report that USSA employee medical bills were getting sent to the employee for

1

payment instead of to the workers' compensation carrier. [*Id.* ¶12.] Plaintiff further alleges that he complained to USSA that other security guards stationed at Connecticut hospitals "were not being paid for all the time worked and were being short-changed with their pay." [*Id.* ¶15.] Plaintiff finally alleges that he sent an email to USSA wherein he "addressed the lack of payment of bonuses, several outstanding State Connecticut Department of Labor complaints and an incident involving Muzzey's use of profane and vulgar language in the workplace." [*Id.* ¶16.] Plaintiff claims that USSA terminated his employment on October 18, 2018 as a result of the "internal notifications" he made regarding its unlawful payment practices. [*Id.* ¶¶23-26.]

## II.     LEGAL STANDARD FOR A MOTION TO DISMISS

The function of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." *Miller Auto. Corp. v Jaguar Land Rover N. Am., LLC*, 812 F. Supp. 2d 133, 135 (D. Conn. 2011). Therefore, when considering a motion to dismiss, the Court must accept the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 (2d Cir. 2014). In ruling on a motion to dismiss, the Court may consider only the "facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

"To survive a motion to dismiss, a complaint must contain a sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Although detailed factual allegations are not required, "a claim will be found facially plausible only if 'the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Miller Auto.*, 812 F. Supp. 2d at 135 (citing *Iqbal*, 556 U.S. at 678).

### III.   ARGUMENT

#### A.   Available Statutory Remedies Preclude Plaintiff's Common Law Wrongful Termination Claim.

In Count One of the Complaint, Plaintiff claims he was wrongfully discharged in violation of important public policy as retaliation for making internal complaints to his managers about USSA's alleged violations of the Connecticut Wage and Hour Law, Conn. Gen. Stat. §§ 31-58 *et seq*. Count One must be dismissed as legally insufficient on the grounds that an alternative statutory remedy exists to redress the complained-of activity.

The Connecticut Supreme Court recognizes a narrow exception to at-will employment when the reason for termination involve impropriety "derived from some important violation of public policy." *Sheets v. Teddy's Frosted Foods, Inc.*, 427 A.2d 385, 387 (Conn. 1980). Under the public policy exception, "the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." *Morris v. Hartford Courant Co.*, 513 A.2d 66, 68 (Conn. 1986). Thus, in order to state a common law wrongful termination claim under Connecticut law, the employee must allege and prove that his "discharge violated any explicit statutory constitutional provision . . . or . . . any judicially conceived notion of public policy." *Parsons v. United Tech. Corp.*, 700 A.2d 655, 662 (Conn. 1997). The public policy exception to the at-will employment doctrine, however, is "a narrow one" and Connecticut courts "do not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation." *Daley v. Aetna Life & Casualty Co.*, 734 A2d 112, 133 (Conn. 1999).

Further narrowing the availability of Plaintiff's wrongful termination claim, Connecticut courts have found such a claim available at common law only if plaintiff is "'*otherwise without a*

3

*remedy*' and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." *Corpes v. Walsh Constr. Co.*, 130 F. Supp. 3d 638, 641 (D. Conn. 2015) (Shea, J.) (emphasis in original) (quoting *Burnham v. Karl & Gelb*, P.C., 745 A.2d 178, 182 (Conn. 2000)). "So long as the plaintiff has a remedy available under either state or federal law which serves to protect the public policy alleged to have been violated, the common-law cause of action for wrongful discharge is precluded." *Honeck v. Nicolock Paving Stones of New England, LLC*, No. 3:04CV1577 (JBA), 2005 WL 1388736, at *2 (D. Conn. June 10, 2005); *see Hanna v. American Cruise Lines, Inc.*, No. 3:19-cv-00074 (CSH), 2019 WL 3231202, at *5 (D. Conn. July 18, 2019) ("a statutory claim for retaliation precludes a common law claim for retaliation"). Therefore, if a statute exists that affords plaintiff with a remedy, a wrongful termination claim is insufficient as a matter of law. *See Atkins v. Bridgeport Hydraulic Co.*, 501 A.2d 1223, 1226 (Conn. App. Ct. 1985) (plaintiff can bring wrongful discharge claim only when he or she is "otherwise without remedy").

In *Corpes*, the Court dismissed the employee's wrongful discharge claim because her alleged retaliatory termination for making an internal complaint about wage violations had an alternative statutory remedy under the FLSA and the Connecticut Minimum Wage Act. 130 F. Supp. 3d at 639, 641. Here, like in *Corpes*, Plaintiff claims his employment was terminated because he internally complained to his employer about improprieties in its payment of wages. Any claim that Plaintiff was terminated as a result of complaining about alleged wage misconduct as it pertained to other USSA employees, however, could have been brought under statutory authority – for example, Connecticut's Whistleblower Statue, General Statutes § 31-51m *et seq*. Connecticut courts have recognized that "the remedy afforded by state or federal legislation that is meant to address a violation of an important public policy that the termination offends is the

4

exclusive remedy available to former employees and common law wrongful termination causes of action are preempted and precluded." *McClain v. Pfizer*, No. 3:06–cv–1795 (VLB), 2008 WL 681481, at *3 (D. Conn. Mar. 7, 2008); *see, e.g.*, *Burnham*, 745 A.2d at 181 (employee's common law wrongful termination claim precluded by § 31-51m(c)); *Campbell v. Town of Plymouth*, 811 A.2d 243, 250 (Conn. App. Ct. 2002) (trial court correctly decided that "§ 31-51m provides the exclusive remedy for wrongful discharge for 'whistleblowing' and that the availability of that statutory remedy precluded the plaintiff from pleading any alternative, common-law cause of action"); *Atkins*, 501 A.2d at 1226 (plaintiff can bring wrongful discharge claim only when he or she is "otherwise without remedy"); *see also Felekey v. Am. Tel. & Tel. Co.*, No. 3:02-CV-691 (CFD), 2004 WL 2958468, at *3 (D. Conn. Nov. 3, 2004) ("statutory remedy bars the wrongful termination action regardless of whether a plaintiff has taken advantage of the existing statutory remedy . . . even if the remedies provided by the statute are lesser or narrower than the remedies potentially available in a tort or contract action").

Here, Plaintiff fails to specifically identify the "important public policy" that was violated. Drawing all reasonable inferences from the facts Plaintiff has alleged in support of Count One, it could be argued that the public policy he argues in favor of amounts to a prohibition against retaliation for internal complaints regarding an employer's violation of Connecticut's Wage and Hour Law. As this Court has noted, however, "wrongful discharge claims, to the extent they are based on an underlying public policy against wage violations, are precluded by the available statutory remedies" under Connecticut and federal law. *Lopez v. Burris Logistics Co.*, 952 F. Supp. 2d 396, 410 (D. Conn. 2013) (Haight, J.). Many Connecticut state courts take the same view. *See Corpes*, 2014 WL 11397859, at *5 (citing *Good v. Goodway Technologies Corp.*, No. CV 950325462S, 1996 WL 580956, at *2 (Conn. Super. Ct. Oct. 1,

1996) which identifies numerous Connecticut superior court cases that "make clear that the existence of a statutory remedy, regardless of its scope, will bar a common law wrongful discharge claim").

That plaintiff never reported USSA's wage violations to a public body, as required by General Statutes § 31-51m, does not defeat this motion or mean that plaintiff should be allowed to proceed with a common law wrongful termination claim because that failure does not make his common law claim actionable as a matter of law. Connecticut state and federal courts have rejected the argument that a plaintiff should be allowed to rely on a common law wrongful discharge claim merely because his claim under the whistleblower statue fails; *see, e.g., Key v. Wal-Mart Stores, Inc.*, 3:03CV144(RNC), 2004 WL 2377141, at *2 (D. Conn. Sept. 29, 2004); *Campbell*, 811 A.2d at 254; or because the remedies available under the statute are "not equivalent to a common-law claim for wrongful discharge"; *Burnham*, 745 A.2d at 184-85.

Plaintiff's claim for wrongful termination claim is precluded by the availability of Connecticut's whistleblower statute. Therefore, as a matter of law, Count One fails to state a claim upon which relief can be granted and must be dismissed.

**B.**      **Plaintiff Has Not Engaged in FLSA-Protected Activity**

Plaintiff's FLSA retaliation claim fails because he does not allege that he engaged in protected activity that is recognized under that statute. In that regard, Plaintiff bases his FLSA retaliation claim on allegations that USSA terminated his employment because he made internal complaints to USSA that the company was not paying its employees for all the time they had worked. [Doc. 1-1 ¶28.] To allege a claim of FLSA retaliation, a plaintiff must demonstrate: "(1) participation in protected activity known to the defendant . . .; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action" *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).

6

The FLSA's anti-retaliation provision, which Plaintiff has cited as the statutory basis for Count Two of his Complaint, prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under [the FLSA]." 29 U.S.C. § 215(a)(3). "The FLSA anti-retaliation provision encompasses complaints that are made on behalf of other employees." *Corpes*, 130 F. Supp. 3d at 642 (plaintiff who complained to employer that coworkers were "often not paid overtime" and "questioned the legality" of employer's practices could state an FLSA retaliation claim).

The FLSA requires every employer covered by the statute to pay its employees minimum wage and one and one-half times their regular rate of pay for overtime hours worked. 29 U.S.C. §§ 201-219. However, "[t]he FLSA statute *requires payment of minimum wages and overtime wages only*, *see* 29 U.S.C. §§ 201-19 (2006); therefore, the FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (emphasis added). Under the FLSA, an employee asserting a minimum wage violation must demonstrate that his average hourly wage fell below the federal minimum wage. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). An employee asserting an overtime violation must sufficiently allege that he worked "40 hours . . . in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id*. at 114.

Here, Plaintiff alleges that USSA terminated him because he notified it that "the security stationed at Connecticut hospitals were not being paid for all the time worked and were being short-changed their pay." [Doc. 1-1 ¶15.] Additionally, Plaintiff alleges he notified USSA about

7

"the lack of payment of bonuses." [*Id*. ¶16.] None of what Plaintiff has alleged constitutes protected activity under the FLSA.

Fatal to this claim, Plaintiff has not alleged that the employees referenced in his Complaint were paid less than the federal minimum wage, nor has he alleged that they worked more than 40 hours in a given workweek and were not compensated at the overtime rate. Indeed, Plaintiff makes *no allegation or reference whatsoever regarding minimum wage or overtime*. As he has failed to allege the sort of protected activity recognized by the FLSA, Plaintiff has failed to state a cognizable claim upon which relief can be granted and his FLSA retaliation claim must be dismissed. *See Brown v. Dalkin Am. Inc.*, 756 F.3d 219, 229 n.10 (2d Cir. 2014) (noting that in order to survive a 12(b)(6) motion to dismiss, plaintiff's complaint must be "facially plausible", "give the defendant fair notice of the basis for the claim", and "allege facts sufficient to establish a prima facie case").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs claims against USSA should be dismissed with prejudice.

                                   **DEFENDANT**
                                   **U.S. SECURITY ASSOCIATES, INC.**

                           By:        */s/ Pamela J. Moore*
                                         Pamela J. Moore
                                         Emily A. Gianquinto
                                         McCarter & English LLP
                                         CityPlace I/185 Asylum Street
                                         Hartford, CT 06103
                                         Tel: (860) 275-6700
                                         Fax: (860) 724-3397
                                         Email: pmoore@mccarter.com
                                         Email: egianquinto@mccarter.com
                                         *Its Attorneys*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              */s/ Pamela J. Moore*
                                              Pamela J. Moore (ct08671)