UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL PERODEAU,<br>  Plaintiff,<br><br>  v.<br><br>U.S. SECURITY ASSOCIATES, INC.,<br>  Defendant. | No. 3:19-cv-1861 (SRU) |

## RULING ON MOTION TO DISMISS

Michael Perodeau has brought the instant action against his employer, United States Security Associates, Inc. ("USSA"). As set forth in his complaint, Perodeau claims wrongful termination in violation of an important public policy (Count 1) and retaliation under the Fair Labor Standards Act ("FLSA") (Count 2).

USSA has moved to dismiss both counts of Perodeau's complaint. It moves to dismiss Count 1 on the ground that available statutory remedies preclude Perodeau's wrongful termination claim. It moves to dismiss Count 2 on the ground that Perodeau has not demonstrated that he engaged in protected activity under the FLSA.

For the reasons that follow, USSA's motion to dismiss is **granted** in part and **denied** in part.

**I. Standard of Review Under Rule 12(b)(6)**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities,* 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is remote and unlikely." *Id.* at 556 (quotation marks omitted).

## II.  Background

### A.  Factual Allegations[1]

In January 2015, Perodeau was hired by USSA as a security guard. Compl., Doc. No. 1-1, at ¶¶ 4–5. Around May 10, 2018, Perodeau emailed USSA coworkers who were not receiving their quarterly attendance bonuses. *Id.* at ¶ 7. USSA had been failing to pay those bonuses in the summer of 2018. *Id.* at ¶¶ 8–9.

On August 7, 2018, Perodeau emailed a managerial employee, Martin Muzzey, who was also employed by USSA, to notify him that there was an issue with a co-worker's workers' compensation claim. *Id.* at ¶¶ 10–12. That co-worker's medical bills were being sent to the

---

[1] The facts are drawn from the complaint, and for purposes of the present motion I assume them to be true and draw all reasonable inferences in Perodeau's favor. *See Ashcroft,* 556 U.S. at 678–79.

employee rather than the workers' compensation carrier. *See id.* at ¶ 13. Perodeau told USSA that he hopes that the workers' compensation will pay his co-worker's medical bills before the co-worker is threatened with collections. *Id.* at ¶ 14.

Roughly two weeks later, on or about August 24, 2018, Perodeau notified USSA of another ongoing problem. *Id.* at ¶ 15. Perodeau told USSA "that the security stationed at Connecticut hospitals were not being paid for all the time worked and were being short-changed with their pay." *Id.*

On or about October 15, 2018, Perodeau sent USSA an email that "addressed the lack of payment of bonuses, several outstanding State Connecticut Department of Labor complaints and an incident involving [Martin] Muzzey's use of profane and vulgar language in the workplace." *Id.* at ¶ 16. Specifically, Muzzey, a managerial employee, had mentioned that Perodeau was not a team player. *Id.* at ¶ 17.

Three days later, on October 18, 2018, USSA terminated Perodeau's employment. *Id.* at ¶ 18. Perodeau claims that he had a "good faith reasonable belief in notifying [USSA] of payroll practices that violated Connecticut and/or Federal law," and that his "complaints regarding unpaid wages were legally protected." *Id.* at ¶¶ 19–20.

B. Procedural History

On October 18, 2019, Perodeau filed the instant complaint against USSA in Connecticut Superior Court. Compl., Doc. No. 1-1. As set forth in his complaint, Perodeau alleges that USSA's "discharge of [his] employment was wrongful in that it was [a] consequence of [him] notifying the company of acts and practices in violation of Connecticut's Wage and Hour Law, C.G.S. § 31-58 *et seq.*" *Id.* at ¶ 26. Additionally, Perodeau argues that USSA "violated the provisions of Section

15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)) by retaliation against [him] for exercising rights protected under the Act." *Id.* at ¶ 29.  Perodeau seeks compensatory damages. *Id.* at 4.

USSA filed a notice of removal on November 20, 2019 and removed the case to this court. Notice of Removal, Doc. No. 1-2.  USSA filed a motion to dismiss Perodeau's complaint on December 19, 2019 on the basis that Perodeau has failed to state a claim.  Mot. to Dismiss, Doc. No. 12.  Perodeau opposed the motion on February 10, 2020, and USSA replied on February 24, 2020.  *See* Doc. Nos. 17, 18.

**III.    Discussion**

   A.  FLSA Retaliation Claim

Enacted to remedy "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers," the FLSA establishes minimum wage and overtime compensation protections for employees.  *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 113 (2d Cir. 2015) (internal quotation marks and citation omitted); *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) ("The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract."); *see also* 29 U.S.C. §§ 206–207.  Section 15(a)(3) of the FLSA states the following:

> [I]t shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

FLSA retaliation claims are subject to the burden-shifting framework set forth by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).  A plaintiff must show the following to establish a *prima facie* case: "(1)

4

participation in protected activity known to the defendant . . . ; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id*.

USSA does not dispute that Perodeau has pled the second and third prong; it instead moves to dismiss the complaint on the ground that it does not indicate that Perodeau engaged in FLSA-protected activity. It asserts that the complaint does not allege that the employees were paid less than the federal minimum wage, or that they worked more than 40 hours per week and were not compensated at the overtime rate. Mem. in Supp. of Def.'s Mot. to Dismiss, Doc. No. 13, at 7–8. Perodeau counters that his complaints are protected activities because they notified USSA of a potential FLSA violation. Opp. to Def.'s Mot. to Dismiss, Doc. No. 17, at 6–7.

An oral complaint is protected activity under the FLSA "so long as the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) (*quoting Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). In other words, "the claimant must show that that 'a reasonable employer' could find that her complaint would fall under the scope of the FLSA's protection." *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017).

In his complaint, Perodeau alleges, among other things, that he notified USSA that "the security stationed at Connecticut hospitals were not being paid for all the times worked and were being short-changed with their pay." Compl., Doc. No. 1-1, at ¶ 15. Construing the allegations in the light most favorable to Perodeau, and considering the remedial purpose of the FLSA, I conclude that those complaints were "sufficiently clear and detailed" to put a reasonable

5

employer on notice that Perodeau was asserting the rights of his co-workers under the FLSA, including the right to a minimum wage.[2]

Courts in this circuit that have addressed analogous complaints have reached similar conclusions.  *See, e.g., Shetty v. SG Blocks, Inc.*, 2020 WL 3183779, at *9 (E.D.N.Y. June 15, 2020) (concluding that a complaint regarding "a failure to pay wages owed" was protected under the FLSA); *Suwanphanu v. Mount Sinai Health Sys., Inc.,* 2019 WL 6050971, at *4 (S.D.N.Y. Nov. 15, 2019) (concluding that a complaint "about missing a day's pay," as well as complaints about discrepancies in paychecks, were protected).

USSA relies on *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017), to support its argument that Perodeau's complaints do not constitute FLSA-protected activity.  That reliance is misplaced.  There, the Court affirmed a dismissal of a FLSA retaliation claim when the employee complained about sex discrimination and about having to use accumulated sick days or personal days to cover an unexcused absence.  *Id*. at 726–27. Perodeau's complaints, by contrast, center on USSA's failure to pay wages, which, as noted, falls under the scope of the FLSA.

Although Perodeau does not allege that he explicitly referenced the FLSA in his complaints, that is not fatal to his claim.  *Greathouse v. JHS Sec. Inc.,* 784 F.3d 105, 116 (2d Cir. 2015) ("The employee need not invoke the [FLSA] by name").  That he does not assert a separate FLSA violation is also not dispositive.  *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017) ("It is possible to state an anti-retaliation claim under the FLSA without proving an actual violation of the FLSA."); *accord Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 850 (D.N.J. 2019) ("A plaintiff in a retaliation action is not required to show her

---

[2] Although it is not disputed, I note that the FLSA anti-retaliation provision encompasses complaints made on behalf of other employees.  *Corpes v. Walsh Constr. Co*., 130 F. Supp. 3d 638, 642 (D. Conn. 2015).

6

employer actually violated the FLSA, rather plaintiff's good faith belief that her employer is in violation is sufficient."). As the Southern District of New York has explained:

> [T]he FLSA's anti-retaliation provision is not limited to the protection of ultimately meritorious complaints; rather, the remedial purpose of the statute protects any employee who engages in protected activity. As the *Greathouse* court explained, the purpose of the anti-retaliation provision is to encourage the informal resolution of employee grievances within a company by giving employees space to air grievances without the fear of being fired. Limiting these protections only to instances where the employee is right would place the risk of mistakenly interpreting paychecks on the individual with the most to lose: the employee.

*Suwanphanu,* 2019 WL 6050971, at *5 (internal citations omitted).

For those reasons, the complaint pleads sufficient facts showing that Perodeau's actions constituted "protected activity" triggering the protections of section 215(a)(3). Count Two of the complaint will therefore proceed.

B. Claim of Wrongful Termination in Violation of Public Policy

Perodeau additionally asserts a claim for wrongful termination in violation of an important public policy. Under Connecticut law, an employer may generally terminate an employee at will. *Corpes v. Walsh Constr. Co.,* 130 F. Supp. 3d 638, 639 (D. Conn. 2015). A narrow exception to this rule may be invoked "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 475 (1980). To prevail on a claim for wrongful discharge in violation of public policy, the employee bears the burden of proving that the dismissal violated an important public policy, and that he or she is *"otherwise without remedy* and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." *Corpes*, 130 F. Supp. 3d at 641 (internal citations omitted) (emphasis in original). "So long as the plaintiff has a remedy available under

either state or federal law which serves to protect the public policy alleged to have been violated, the common-law cause of action for wrongful discharge is precluded." *Honeck v. Nicolock Paving Stones of New England, LLC.,* 2005 WL 1388736 at *2 (D. Conn. 2005). Although the concept of public policy is vague, the Connecticut Supreme Court has clarified that the plaintiff generally must prove that an explicit statutory provision, constitutional provision, or a judicially conceived notion of public policy, was violated. *Morris v. Hartford Courant Co.,* 513 A.2d 66, 68 (Conn. 1986); *Daley v. Aetna Life & Cas. Co.*, 249 Conn. 766, 803 (1999).

I need not decide whether Perodeau's discharge violated an important public policy, because the claim fails on the second prong. As explained above, Perodeau has a cognizable claim arising from his allegedly retaliatory termination under the FLSA. Accordingly, his common law claim cannot stand. *Corpes*, 130 F. Supp. 3d at 643 ("Because Ceruti has an alternative statutory remedy under the FLSA and possibly also the CMWA, Ceruti's claim for wrongful termination in violation of public policy is precluded."). Count 1 is therefore **dismissed**.

## IV.     Conclusion

For the foregoing reasons, the motion to dismiss (Doc. No. 12) is **granted** in part and **denied** in part. As any amendment would be futile, Count 1 is **dismissed with prejudice**; Count 2 will proceed.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of August 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge